1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7    ISIS MUNIZ LUZ,                              Case No. 2:21-CV-1671 JCM (NJK)

8                              Plaintiff(s),                    ORDER

9           v.

10   SEBASTIAN PAWELCZUK,

11                             Defendant(s).

12

13          Presently before the court is the matter of *Muniz Luz v. Pawelczuk*, case number 2:21-cv-

14   01671-JCM-NJK.

15   **I.      Background**

16          This personal injury matter arises out of an alleged domestic violence incident involving

17   plaintiff Isis Muniz Luz ("Isis") and defendant Sebastian Pawelczuk ("Sebastian").  Beginning

18   on or about August 5, 2021, Isis and Sebastian—both Canadian citizens—were staying in a hotel

19   room at Harrah's Las Vegas Hotel and Casino.  (ECF No. 1-2 at 3).  Isis alleges that on or about

20   August 7, 2021, Sebastian beat Isis severely, causing her injury.  (*Id.* at 4).  Isis filed a personal

21   injury action against Sebastian in the Eighth Judicial District Court, Clark County, Nevada on

22   August 11, 2021.  (*Id.*).  Sebastian removed to this court on September 10, 2021.  (ECF No. 1).

23          Sebastian now moves this court to dismiss this matter or, in the alternative, to transfer

24   venue to Canada.  (ECF Nos. 5, 6).  Consistent with the following, this motion is DENIED as

25   moot and this matter is REMANDED because the court lacks subject matter jurisdiction.

26   **II.     Legal Standard**

27          As federal courts are courts of limited jurisdiction, federal subject matter jurisdiction

28   must exist at the time an action is commenced.  *See Morongo Band of Mission Indians v.*

**James C. Mahan**
**U.S. District Judge**

1   *California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).   Because subject

2   matter jurisdiction goes to the power of the court to hear a case, a district court may *sua sponte*

3   raise the issue of lack of subject matter jurisdiction and *must* dismiss a case if no subject matter

4   jurisdiction exists.   FED. R. CIV. P. 12(h).

5         "[E]ven if the question of subject matter jurisdiction is not fully adjudicated or addressed

6   by the parties, 'it is axiomatic that this court has a special obligation to satisfy itself of its own

7   jurisdiction . . . .'" *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952–53 (D.

8   Nev. 2004) (citing *United States v. Touby*, 909 F.2d 759, 763 (3d Cir. 1990)).   This is also true

9   for matters removed to a district court from a state court.   28 U.S.C. § 1447 ("If at any time

10  before final judgment it appears that the district court lacks subject matter jurisdiction, the case

11  shall be remanded.").

12  **III.   Discussion**

13        In his petition for removal, Sebastian argues that removal is proper because this court has

14  jurisdiction under 28 U.S.C. § 1332(a).  (ECF No. 1).  According to Sebastian, this civil action is

15  between citizens of a State and citizens or subjects of a foreign state.  (*Id.*).   However, Sebastian

16  also claims that both he and Isis are a citizens of Toronto, Ontario, Canada.  (*Id.*).   Nevertheless,

17  Sebastian argues that "subject matter jurisdiction in this Court is proper based on the fact that

18  [Sebastian] does business in this jurisdiction."  (ECF No. 1).

19        Sebastian mistakenly conflates subject matter jurisdiction with personal jurisdiction.

20  That this matter arises out of conduct occurring in Nevada and involves a party who may have

21  minimum contacts with Nevada does not confer this court with subject matter jurisdiction.

22        Sebastian also misunderstands the diversity jurisdiction requirements of 28 U.S.C.

23  § 1332(a).  For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties

24  must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of

25  interest and costs.   *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319

26  F.3d 1098 (9th Cir. 2003).

27        Typically, parties are completely diverse if they are citizens of different states.  A person

28  is a citizen of the state in which they are domiciled; a person is domiciled where they reside with

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 the intention to remain indefinitely, or to which they intend to return. *Kanter v. Warner-Lambert*

2 *Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, the court looks

3 to an individual's citizenship at the time the lawsuit was filed. *Lew v. Moss*, 797 F.2d 747, 750

4 (9th Cir. 1986).

5     Here, neither Isis or Sebastian is alleged to have been a dual citizen or a legal permanent

6 resident of the United States, nor did either of them reside in the United States with the intent to

7 remain indefinitely at the time this lawsuit was filed.[1] Instead, this lawsuit commenced as a

8 personal injury suit between two Canadian citizens. Contrary to Sebastian's argument, 28 U.S.C.

9 § 1332 does not allow district courts to exercise diversity jurisdiction over two residents of the

10 same foreign country.

11     Therefore, this court does not have subject matter jurisdiction and this matter was

12 improperly removed. Consequently, the court REMANDS this matter. 28 U.S.C. § 1447.

13 **IV.    Conclusion**

14     Accordingly,

15     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this matter be, and the

16 same hereby is, REMANDED to the Eighth Judicial District Court of Clark County, Nevada.

17     All other pending motions are DENIED as moot.

18     DATED January 3, 2022.

19                                           _____
20                                           UNITED STATES DISTRICT JUDGE

[1] Isis alleges that she has established residency in Miami, Florida (ECF No. 9 at 3), but this does not retroactively apply to her citizenship status at the time this action commenced. *See Morongo Band of Mission Indians*, 858 F.2d at 1380.

**James C. Mahan**
**U.S. District Judge**

- 3 -